IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| CLAUDE A. HARPER, | * | |
| Plaintiff, | * | Civil Action: |
| | * | |
| v. | * | (Circuit Court for Baltimore City |
| | * | Case No.: 24X11000002) |
| ALLTITE GASKETS, et al., | * | |
| Defendants. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## NOTICE OF REMOVAL OF CIVIL ACTION

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant, General Electric Company ("GE"), by and through its undersigned counsel of record, hereby notes the removal of this action to the United States District Court for the District of Maryland, Northern Division, pursuant to 28 U.S.C. §§ 1442 and 1446. The grounds for removal are as follows:

1.     GE hereby removes this action from the Circuit Court for Baltimore City, Maryland on the grounds, set forth in greater detail below, that the plaintiff asserts a claim against GE for alleged exposure to asbestos aboard two U.S. Navy vessels, the *U.S.S. Canisteo* (AO-99) and the *U.S.S. Caloosohatchee* (AO-98), from marine turbines, generators, and other equipment allegedly manufactured by GE, which products – if manufactured by GE – were manufactured under contract with the United States Navy under terms by which the Navy and its officers imposed strict supervision and control over all aspects of the design and manufacture of

the turbines including, without limitation, any asbestos content and any labels or materials affixed to or accompanying the turbines.  Consequently, GE is permitted to remove this case under the provisions of 28 U.S.C. § 1442(a)(1) as a person acting under an officer or agency of the United States, in order to assert defenses arising under the laws of the United States including, without limitation, the defense of government contractor immunity.

2.      On January 14, 2011, General Electric was served with Plaintiff's Complaint and Prayer for Jury Trial (hereinafter "Complaint" or "Plaintiff's Complaint") in this civil action in the Circuit Court for Baltimore City, Maryland, Civil Action No. 24X11000002 ("the State Case").  A true and correct copy of the Complaint is attached as **Exhibit A**.  The Complaint alleges that the plaintiff, Claude A. Harper, was exposed to asbestos during his employment at the Bethlehem Steel Key Highway Shipyard in Baltimore, Maryland, as welder from 1966 to 1968 and from 1970 to 1972.  The Complaint does not specify any GE products from which Plaintiff was allegedly exposed to asbestos, nor does it identify the specific work site at which asbestos exposure from GE products is alleged to have occurred.  Thus, the allegations of the Complaint are insufficient to advise GE, or any other defendant, of the relevant work site, time period, or products at issue for any particular defendant.

3.      On January 17, 2012, plaintiff's counsel filed Plaintiff's Answers to Defendants' Joint Interrogatories (hereinafter "Plaintiff's Answers to Interrogatories") that indicate for the first time the U.S. Navy vessels on which Mr. Harper was allegedly exposed to asbestos, while working as a welder aboard ship.  A copy of Plaintiff's Answers to Interrogatories is attached as **Exhibit B**.  Specifically, these vessels, and the years plaintiff allegedly served aboard, are listed in Plaintiff's Answer to Interrogatory No. 88 and include: the *U.S.S. Canisteo* (AO-99) and the *U.S.S. Caloosohatchee* (AO-98) (**Exhibit B**, pp. 27-28). ***These discovery responses represent***

2

*the first time, within the meaning of 28 U.S.C. § 1446, that plaintiff, in writing or otherwise asserted a claim against GE for Mr. Harper's alleged exposure to GE marine turbines, generators, or other products during the time he worked aboard U.S. Navy vessels.*

4.     This Notice of Removal is filed within thirty (30) days after GE's receipt of Plaintiff's Answers to Interrogatories, the first paper in which plaintiffs asserted a claim against GE based upon alleged naval exposure to asbestos from GE marine turbines, generators or other products and is, therefore, timely filed under the provisions of 28 U.S.C. § 1446(b).

5.     Should any party file a motion to remand this case, GE respectfully requests an opportunity to respond more fully in writing and to conduct discovery limited to the issue of removal, but offers the following authorities in support of removal.

6.     Marine steam turbines or other products that GE manufactured under contract with the U.S. Navy for installation in U.S. Navy vessels were manufactured to Navy specifications and were subject to strict Navy control and supervision over all aspects of the products' design and manufacture, including, without limitation, the presence of asbestos in such products and the existence of any warnings affixed to or issued in connection with the turbines or other products.  This is established, *inter alia*, by the following affidavits:

> a. Declaration of David Hobson, dated January 28, 2008, with Exhibits 1 through 3 (attached hereto as **Exhibit C**);
>
> b. Declaration of Admiral Ben J. Lehman, dated December 30, 2010 (attached hereto as **Exhibit D**)
>
> c. Declaration of Lawrence Stillwell Betts, MD, PhD, dated April 14, 2009 with Exhibits A through EE (attached hereto as **Exhibit E,** with Exhibits A through EE therein attached as **E.01** through **E.31**).

7.     This case is removable pursuant to 28 U.S.C. § 1442(a)(1) because the action involves a person (GE) that acted under the authority of an officer or agency of the United States.

A corporation, such as GE, is a "person" within the meaning of this statute. *See Fink v. Todd Shipyards,* 2004 U.S. Dist. LEXIS 6912 (E.D. La. 2004). Removal is proper under this section upon a showing (1) that a defendant acted under the direction of a federal officer, (2) that a defendant has a colorable federal defense to plaintiff's claim, and (3) that there is a causal nexus between the plaintiff's claims and the acts it performed under color of federal office. *See Mesa v. California,* 489 U.S. 121 (1989); *Machnik v. Buffalo Pumps, Inc.,* 2007 U.S. Dist. LEXIS 68097 (D. Conn. 2007). This basis for removal has been recognized in an asbestos setting by this Court. *See Pack v. ACandS, Inc.,* 838 F.Supp. 1099 (D. Md. 1993). As demonstrated, *inter alia,* by the affidavits attached hereto, GE's marine turbines and other products, from which plaintiff asserts a claim for naval asbestos exposure, were manufactured according to the specifications of, and under the direction and control of, the U.S. Navy. Plaintiff's claim is based upon the alleged presence of asbestos in or on the said turbines and other products. Therefore, GE acted under direction of a federal officer or agency in the construction of the turbines, and there is a direct nexus between such action and the plaintiff's claims against GE.

8.     *Pack v. AC and S., Inc.,* 838 F.Supp. 1099 (D.Md. 1993) is controlling. In *Pack,* defendant Westinghouse designed and constructed marine turbines for use on military vessels. The design and construction process was supervised and controlled by the US Navy and its officers. *Id.* at 1103. The plaintiff in that case alleged that he was exposed to asbestos insulation installed on those turbines while working in a shipyard. Westinghouse removed the action to the United States District Court for Maryland pursuant to 28 U.S.C. §1442(a)(1). The District Court refused to grant plaintiff's motion to remand, holding instead that Westinghouse was entitled to federal officer removal because (1) the construction and design of its marine turbines were conducted under the direction of a federal officer; (2) Westinghouse had presented a colorable

4

argument that it was protected by the federal government contractor defense; and (3) the

plaintiff's claims arose from acts which Westinghouse performed under color of federal office.

*Id.* The facts in the instant case are substantially identical to those in *Pack* and, accordingly, GE

may remove this action under 28 U.S.C. §1442(a)(1).

      9.      As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), GE

has a federal defense to these actions, i.e., government contractor immunity from liability for

injuries arising from exposure to asbestos from marine turbines or other products manufactured

under contract with the U.S. Navy, insofar as GE constructed or repaired them in accordance

with Navy specifications and under strict control or supervision of the U.S. Navy. *Accord,*

*Carley v. Wheeled Coach*, 991 F.2d 1117 (3d Cir. 1993); *Garner v. Santoro*, 865 F.2d 629 (5th

Cir. 1989); *Kleemann v. McDonnell Douglas Corp*, 890 F.2d 698 (4th Cir. 1989). A government

contractor defense exists when (1) the United States approved reasonably precise specifications,

(2) the equipment conformed to those specifications, and (3) the contractor warned the

government about any dangers known to the contractor but not to the government. *Boyle, supra;*

*Carley v. Wheeled Coach*, *supra.* The declarations attached hereto establish that GE's marine

turbines and other products that were manufactured for the U.S. Navy were manufactured in

conformity with detailed specifications of the U.S. Navy, and that GE had no knowledge

concerning the potential hazards of asbestos that was not known by the U.S. Navy. Therefore,

GE has established a colorable federal defense to plaintiff's claims and is entitled to remove this

action pursuant to 28 U.S.C. §1442(a)(1). *See Faddish v. General Electric Company,* 2010 WL

4146108, 2010 U.S. Dist. LEXIS 112937 (E.D. Pa. 2010) (granting summary judgment for GE

as to claims of naval asbestos exposure, based upon the government contractor defense).[1]

---

[1] In *Faddish v. General Electric Co.*, 2010 WL 4146108 (E.D.Pa. 10/20/10)(asbestos MDL-875), the District Court
granted GE's motion for summary judgment and found as a matter of federal law that GE was immune from

10.     A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related State court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed. 542 (1976); *Elrad v. United Life & Accident Insurance Company*, 624 F.Supp. 742 (N.D.Ill. 1985).  The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1).  *Willingham v. Morgan*, 395 U.S. 402, 405, 89 S. Ct. 1813, 1815, 23 L.Ed.2d 396 (1960).

11.     GE is not required to notify and obtain the consent of any other defendant in this action in order to remove the action as a whole under section 1442(a)(1).  *Akin v. Ashland Chemical Co.,* 156 F.3d 1030 (10th Cir. 1998); *Ely Valley Mines, Inc. v. Hartford Accident Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).

12.     In accordance with 28 U.S.C. §1446(a) and Local Rule 103(5)(a), General Electric has filed with this Notice of Removal true and correct copies of all process, pleadings, and orders that have been served upon General Electric in the State Case as of this date. Additionally, within 30 days, General Electric will file true and correct copies of all other documents on file in the State Case, together with a certification from counsel that all filings in the State Case have been filed in the United States District court.

WHEREFORE, Defendant, General Electric Company removes this action to the United States District Court for the District of Maryland, Northern Division.

---

asbestos state law tort liability and failure to warn claims regarding turbines it supplied to the Navy, pursuant to standards articulated in *Boyle*.

6

**A JURY TRIAL IS DEMANDED.**        Respectfully submitted,

_____
Donald S. Meringer, Federal Bar #24408
David J. Quigg, Federal Bar #26401
Meringer, Zois & Quigg, LLC
320 North Charles Street
Baltimore, Maryland 21201
(443) 524-7978
(443) 524-7982 (fax)

*Attorneys for Defendant General Electric Company*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **14**th day of February, 2012, a copy of the foregoing

Notice of Removal was served upon plaintiff's counsel and all defense counsel of record through

the Court's CM/ECF system.   Absent confirmation from the court that such electronic service

has been made, service is being made upon plaintiff's counsel by first class mail, postage

prepaid, addressed as follows, and upon all other known counsel of record at the addresses and in

the manner set forth on the attached service list:

**Harry Goldman, Jr.**
**Skeen, Goldman, LLP**
**11 E. Lexington Street, 4th Floor**
**Baltimore, MD 21202**
**410-837-4222**

*Attorneys for Plaintiffs*

MERINGER, ZOIS & QUIGG, LLC


By:   _____
David J. Quigg

*Attorneys for General Electric Company*

7

# SERVICE LIST

## CLAUDE A. HARPER v. ALLTITE GASKETS, et al.

To the extent not served pursuant to the Courts CM/ECF system, service of the foregoing pleading (without exhibits) is being made upon counsel for all parties by first class mail, addressed as follows.  Copies of all exhibits will be provided to any party upon request.

| Party | Counsel of Record |
|---|---|
| A.W. Chesterton | Keith R. Truffer, Esquire<br>Royston, Mueller, McLean & Reid, LLP<br>102 West Pennsylvania Avenue<br>Suite 600<br>Towson, Maryland 21204<br>(410) 823-1800 |
| Alltite Gasket Co., Inc. | Kathleen M. Wobber, Esquire<br>Parler & Wobber, LLP<br>406 E Joppa Road<br>Towson, Maryland 21286<br>(410) 832-1800 |
| Bayer CropScience Inc. | R. Thomas Radcliffe, Esquire<br>Laura M. Higgs, Esquire<br>DEHAY &ELLISTON, L.L.P.<br>36 S. Charles Street, Suite 1300<br>Baltimore, Maryland 21201<br>(410) 783-7225 |
| CBS Corporation f/k/a VIACOM, INC., successor by merger with CBS Corporation f/k/a Westinghouse Electric Corporation | Philip A. Kulinski, Esquire<br>Evert Weathersby Houff<br>SunTrust Bank Building<br>120 E. Baltimore Street, Suite 1300<br>Baltimore, MD  21202<br>(443) 573-8500 |
| CertainTeed Corporation | Laura A. Cellucci, Esquire<br>MILES & STOCKBRIDGE P.C.<br>10 Light Street<br>Baltimore, Maryland 21202-1487<br>(410) 727-6464 |

| | |
|---|---|
| Conwed Corporation | Jennifer M. Alexander, Esquire<br>Brassel Law Group, LLC<br>900 Bestgate Road, Suite 402<br>Annapolis, Maryland 21401<br>(443) 837-9800 |
| Cooper Industries, LLC, as Successor in Interest to Cooper Industries, Inc. and Crouse-Hinds Company | Thomas P. Bernier, Esquire<br>Segal McCambridge Singer & Mahoney, Ltd.<br>One North Charles Street, Suite 2500<br>Baltimore, MD  21201<br>(410) 779-3960 |
| Croker, Inc. | David F. Albright, Esq.<br>1122 Kenilworth Dr. Suite 500<br>Baltimore, MD 21204<br>(410) 823-5455 |
| DeLaval Inc. | R. Thomas Radcliffe, Esquire<br>Laura M. Higgs, Esquire<br>DEHAY &ELLISTON, L.L.P.<br>36 S. Charles Street, Suite 1300<br>Baltimore, Maryland 21201<br>(410) 783-7225 |
| E.L. Stebbing & Co., Inc. | Louis E. Grenzer, Jr., Esquire<br>Bodie, Dolina, Smith & Hobbs<br>21 West Susquehanna Avenue<br>Towson, Maryland 21204<br>(410) 823-1250 |
| Foster Wheeler Corporation | R. Thomas Radcliffe, Jr., Esquire<br>Laura M. Higgs, Esquire<br>DEHAY &ELLISTON, L.L.P.<br>36 S. Charles Street, Suite 1300<br>Baltimore, Maryland 21201<br>(410) 783-7225 |
| Georgia Pacific Corp. | Robin Silver, Esquire<br>MILES & STOCKBRIDGE P.C.<br>10 Light Street<br>Baltimore, Maryland 21202-1487<br>(410) 727-6464 |

| | |
|---|---|
| Goodyear Tire & Rubber Co. | M. King Hill, III, Esquire<br>Venable LLP<br>210 Allegheny Avenue<br>Towson, Maryland 21204<br>(410) 494-6200 |
| Greene Tweed & Co., Inc. | Thomas P. Bernier, Esquire<br>Segal McCambridge Singer & Mahoney, Ltd.<br>One North Charles Street, Suite 2500<br>Baltimore, MD  21201<br>(410) 779-3960 |
| H.B. Fuller Company | R. Thomas Radcliffe, Jr., Esquire<br>Laura M. Higgs, Esquire<br>DEHAY &ELLISTON, L.L.P.<br>36 S. Charles Street, Suite 1300<br>Baltimore, Maryland 21201<br>(410) 783-7225 |
| Hampshire Industries Inc. | David W. Allen, Esquire<br>Malcolm S. Brisker, Esquire<br>Goodell, DeVries, Leech & Dann, L.L.P.<br>One South Street, 20th Floor<br>Baltimore, Maryland 21202<br>(410) 783-4000 |
| Honeywell International Inc. | Laura A. Cellucci, Esquire<br>MILES & STOCKBRIDGE P.C.<br>10 Light Street<br>Baltimore, Maryland 21202-1487<br>(410) 727-6464 |
| Hopeman Brothers, Inc. | David W. Allen, Esquire<br>Malcolm S. Brisker, Esquire<br>Goodell, DeVries, Leech & Dann, LLP<br>One South Street, 20th Floor<br>Baltimore, MD 21202<br>(410) 783-4000 |
| International Paper Company | Philip A. Kulinski, Esquire<br>Evert Weathersby Houff<br>SunTrust Bank Building<br>120 E. Baltimore Street, Suite 1300<br>Baltimore, MD  21202<br>(443) 573-8500 |

| | |
|---|---|
| John Crane, Inc. | Peter A. Woolson, Esquire<br>P.A. WOOLSON, P.A.<br>Redwood Tower, Suite 1600<br>217 East Redwood Street<br>Baltimore, MD 212020<br>(410) 625-0000 |
| Kaiser Gypsum Co. Inc. | Joel D. Newport, Esquire<br>Moore & Jackson, LLC<br>305 Washington Ave., Suite 401<br>Towson, Maryland 21204<br>(410) 583-5241 |
| Lofton Corporation | David W. Allen, Esquire<br>Michael A. Pichini, Esquire<br>Goodell, DeVries, Leech & Dann, L.L.P.<br>One South Street, 20th Floor<br>Baltimore, Maryland 21202<br>(410) 783-4000 |
| MCIC, Inc. | Louis E. Grenzer, Jr., Esquire<br>Bodie, Dolina, Smith & Hobbs<br>21 West Susquehanna Avenue<br>Towson, Maryland 21204<br>(410) 823-1250 |
| Melrath Gasket Inc. | Jennifer M. Alexander, Esquire<br>Brassel Law Group, LLC<br>900 Bestgate Road, Suite 402<br>Annapolis, Maryland 21401<br>(443) 837-9800 |
| Metropolitan Life Insurance Company | Stephen A. Fennell, Esquire<br>Richard D. Albert, Esquire<br>Steptoe & Johnson, LLP<br>1330 Connecticut Avenue, N.W.<br>Washington, DC 20036<br>(202) 429-3000 |
| ON Marine Services Co. | Jennifer M. Alexander, Esquire<br>Brassel Law Group, LLC<br>900 Bestgate Road, Suite 402<br>Annapolis, Maryland 21401<br>(443) 837-9800 |

| | |
|---|---|
| Owens Illinois Glass Co. | Steven A. Luxton, Esquire<br>Morgan Lewis<br>1111 Pennsylvania Ave., NW<br>Washington, DC 20004<br>(202) 739-5452 |
| Paramount Packing & Rubber, Inc. | Katherine S. Duyer, Esquire<br>GAVETT AND DATT, P.C.<br>15850 Crabbs Branch Way, Suite 180<br>Rockville, MD 20855-2622<br>(301) 948-1177 |
| Pfizer, Inc. | Patrick Smith, Esquire<br>DEHAY &ELLISTON, L.L.P.<br>36 S. Charles Street, Suite 1300<br>Baltimore, Maryland 21201<br>(410) 783-7225 |
| Phelps Packing & Rubber Co. | Kathleen M. Wobber, Esquire<br>Parler & Wobber, LLP<br>406 E Joppa Road<br>Towson, Maryland 21286<br>(410) 832-1800 |
| RPM Inc. | Edward C. Bacon, Esquire<br>Jeannie Pittillo Kauffman, Esquire<br>Bacon, Thornton, & Palmer LLP<br>6411 Ivy Lane, Suite 500<br>Greenbelt, MD 20770-1411<br>(301) 345-7001 |
| SCHNEIDER ELECTRIC USA, INC.<br>f/k/a SQUARE D COMPANY | Neil J. MacDonald, Esquire<br>MACDONALD LAW GROUP, LLC<br>11720 Beltsville Drive<br>Suite 550<br>Beltsville, Maryland 20705<br>(301) 572-0741 |
| Selby Battersby & Co. | Laura A. Cellucci, Esquire<br>MILES & STOCKBRIDGE P.C.<br>10 Light Street<br>Baltimore, Maryland 21202-1487<br>(410) 727-6464 |

| | |
|---|---|
| Union Carbide Corporation | R. Thomas Radcliffe, Jr., Esquire<br>Laura M. Higgs, Esquire<br>DEHAY &ELLISTON, L.L.P.<br>36 S. Charles Street, Suite 1300<br>Baltimore, Maryland 21201<br>(410) 783-7225 |
| Uniroyal Inc. | John S. Cobb, Esquire<br>North & Cobb, P.A.<br>7313 York Road<br>Towson, Maryland 21204<br>(410) 825-1472 |
| Wallace & Gale Asbestos Settlement Trust | Theodore F. Roberts, Esquire<br>Venable, LLP<br>210 W. Pennsylvania Avenue<br>Suite 500<br>Towson, Maryland  21204<br>(410) 494-6200 |
| Warren Pumps, LLC | David W. Allen, Esquire<br>Malcolm S. Brisker, Esquire<br>Goodell, DeVries, Leech & Dann, L.L.P.<br>One South Street, 20th Floor<br>Baltimore, Maryland 21202<br>(410) 783-4000 |
| Wayne Manufacturing Corporation | David W. Allen, Esquire<br>Malcolm S. Brisker, Esquire<br>Goodell, DeVries, Leech & Dann, L.L.P.<br>One South Street, 20th Floor<br>Baltimore, Maryland 21202<br>(410) 783-4000 |