IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CLAUDE A. HARPER,

    Plaintiff,

        v.                         CIVIL NO.: WDQ-12-0460

ALLTITE GASKETS, *et al.*,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Claude A. Harper sued General Electric Company ("GE") and 47 other companies (collectively, the "Defendants") in the Circuit Court for Baltimore City for negligence and other claims related to Harper's exposure to asbestos. GE removed the action to this Court. For the following reasons, the Court will deny Harper's motion to remand.[1]

I. Background

Harper developed asbestos-related diseases after working as a welder for at least four decades. *See* Compl. ¶ 10 & p.16. On June 20, 2010, he was diagnosed with lung cancer. Compl. ¶ 11.

On January 12, 2011, Harper sued the Defendants in the

_____

[1] Harper died on June 30, 2011. *See* ECF No. 87 at 1 n.1. His widow, as personal representative of his estate, has been substituted as plaintiff, but the complaint has not been amended. *See id.* Accordingly, the Court will refer to Harper as the plaintiff.

Circuit Court for Baltimore City, alleging negligence, breach of warranty, strict products liability, civil conspiracy, and fraud.[2]  On January 14, 2011, GE was served with a copy of Harper's complaint.  Notice of Removal 2; Mot. to Remand 2.  The complaint alleged that Harper had been "employed at Key Highway Shipyard from 1966 to 1968 and from 1970 to 1972 as a welder at Eastern Stainless Steel Co. (Eastmet), from 1975 to 1993 and from 1993 to 1998 in construction as a day welder."[3]  An attached itemized statement of earnings showed that Harper had worked at the Key Highway Shipyard as early as April 1966 through as late as June 1967, and again between October and December 1968.  *See* ECF No. 2 at 17.

On January 17, 2012, Harper answered the Defendants' joint interrogatories.  ECF No. 1 at 2.  In response to Interrogatory No. 88, Harper stated that he had worked as a welder on ships at the Key Highway Shipyard "in 1966, in 1967, 1970, 1971, 1972 and one quarter of 1973."  ECF No. 88, Ex. 1 at 3.  He further stated that he had been "exposed to . . . dust" during reconditioning of Navy ships "USS Canisteo (AO-99)" and "USS Caloosahatchee (AO-98)."  *Id.* at 4.  Harper asserted that,

---

[2] ECF No. 2; ECF No. 86 at 1; ECF No. 87 at 2.  Harper alleged that the Defendants had manufactured, distributed, supplied, and/or installed asbestos.  *See* Compl. ¶ 1.

[3] Compl. ¶¶ 9-10.  The Key Highway Shipyard was a Bethlehem Steel facility.  *See* ECF No. 87 at 2.

"[d]uring this time[,] the various Defendant boiler manufacturers," including GE, had "periodically inspected the turbines inside the boilers[,] which required that the block and cement insulation which covered the boilers . . . be removed[,] causing the dust which [he] [had] breathed." *Id.*

On February 14, 2012, GE removed the lawsuit to this Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1).[4]  GE asserted that, if it had manufactured equipment aboard the *USS Caloosahatchee* and *USS Canisteo*, it had done so "under contract with the United States Navy." *Id.*

On March 15, 2012, Harper moved to remand on the basis of untimely removal. ECF No. 87.  On April 2, 2012, GE opposed the motion.  ECF No. 88.  On April 19, 2012, Harper filed a reply. ECF No. 89.

II. Analysis

   A. Standard of Review

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district

---

[4] ECF No. 1.  The federal officer removal statute authorizes removal of "civil action[s] . . . commenced in a State court . . . against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof . . . relating to any act under color of such office."  28 U.S.C. § 1442(a)(1).

and division embracing where such action is pending."

To remove a case, the defendant must file a notice of removal in the district court within 30 days after receiving the initial pleading.  28 U.S.C. § 1446(a) & (b).  If the case stated by the initial pleading is not removable, the defendant may remove within 30 days of receiving "an amended pleading motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

In determining when a defendant first had notice of grounds for removal, the Court must "rely on the face of the initial pleading and the documents exchanged in the case."  *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).  The Court need not "inquire into the subjective knowledge of the defendant," but consider only whether grounds for removal were "apparent within the four corners of the initial pleading or subsequent paper."  *Id.*  If "details [we]re obscured or omitted" or "inadequately . . . stated in the complaint," the defendant will not have been charged with knowledge of removability within 30 days of the initial pleading.[5]

---

[5] *Lovern*, 121 F.3d at 162, *citing Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53-54 (3d Cir. 1993) ("the relevant test is not what the defendants purportedly knew, but what these documents said") (overruled on other grounds by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999)), *and Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163

B. Harper's Motion to Remand

Harper argues that removal was untimely because GE's grounds for removal were apparent from the complaint -- a year before he answered the interrogatories.[6] He contends the complaint stated that he had worked as a welder at the Key Highway Shipyard from 1966 to 1968, and GE "[s]urely . . . knew that it had supplied boilers and turbines" for Navy ships at the shipyard during that period.[7] He argues that GE should have inferred from the complaint that he "may well have worked on those ships." *Id.* at 3.

GE counters that it timely removed under the federal officer statute within 30 days of Harper's answers to the

---

(5th Cir. 1992) ("the [30] day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face" the grounds for removal). *Accord Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 2008) ("notice ought to be unequivocal"; grounds for removal "should not be ambiguous" or "require[] an extensive investigation") (internal quotation marks omitted); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) (although the defendant must "apply a reasonable amount of intelligence in ascertaining removability," the defendant need not "look beyond the initial pleading for facts giving rise to removability").

[6] ECF No. 87 at 1.  Harper does not concede that federal officer jurisdiction exists.  *See id.* at 5 ("In the event that . . . [r]emand is denied, Plaintiff prays leave to oppose [GE's] [f]ederal [o]fficer allegations[.]").

[7] *Id.* at 2-3.  Harper argues that his attorneys had "used in [previous] asbestos litigation" a "ship list" showing that the *USS Canisteo* and *USS Caloosahatchee* were at the Key Highway Shipyard during Harper's tenure.  *Id.* at 2, Ex. 1.

interrogatories, its "first notice that [Harper] [had] worked on board U.S. Navy ships which had [GE] equipment on them." ECF No. 88 at 1. GE contends that the complaint had provided no details about where in the shipyard Harper had worked, what types of products he had been around, whether he had worked aboard ships, or whether his work had involved GE equipment. *Id.* at 2.

GE's removal was timely. Federal officer removability was not "apparent within the four corners" of the complaint. *See Lovern*, 121 F.3d at 162. The complaint stated only that Harper had worked intermittently as a welder at the Key Highway Shipyard from 1966 to 1998. *See* Compl. ¶¶ 9-10. It said nothing about which ships he had worked on, or whether those ships had been Navy vessels.[8] The Court need not consider whether GE subjectively knew that it had supplied equipment to Navy ships at the Key Highway Shipyard during Harper's tenure. *See Lovern*, 121 F.3d at 162. Because the complaint omitted details of Harper's connection to Navy ships, GE could not have

---

[8] In this respect, Harper's complaint is distinguishable from the pleading in *Pantalone v. Aurora Pump Co.*, which he cites in his motion to remand. *See* ECF No. 87 at 4. In *Pantalone*, the district court found that the complaint had provided notice to the defendant asbestos manufacturer that "it was being sued, in part, based on the products delivered pursuant to its Navy contracts." 576 F. Supp. 2d 325, 333 (D. Conn. 2008). The complaint had alleged that the plaintiff had been exposed to asbestos supplied by the defendant during his Navy service. *Id.* By contrast, Harper's complaint did not mention the Navy or any ships that he had worked on.

known from the pleading that the action was removable under the federal officer statute. *See id.*

Not until he answered the joint interrogatories on January 17, 2012, did Harper provide adequate facts about federal officer removability. Only then did he allege that he had been exposed to dust on the *USS Canisteo* and *USS Caloosahatchee*, Navy vessels for which GE had allegedly supplied equipment. *See* ECF No. 88, Ex. 1 at 4. GE removed the action on February 14, 2012 -- 28 days after it received the interrogatories. *See* ECF No. 1. Because GE removed within 30 days of its notice that the case was removable, the Court will deny Harper's motion to remand. *See* 28 U.S.C. § 1446(b)(3).

III. Conclusion

For the reasons stated above, the Court will deny Harper's motion to remand.

_4/27/12_
Date

_William D. Quarles, Jr._
United States District Judge

7