IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CLAUDE A. HARPER,

    Plaintiff,

       v.                   CIVIL NO.: WDQ-12-0460

ALLTITE GASKETS, *et al.*,

    Defendants.

 

## MEMORANDUM OPINION

Claude A. Harper[1] sued General Electric Company ("GE") and 47 other companies (collectively, the "Defendants") in the Circuit Court for Baltimore City for negligence and other claims related to Harper's exposure to asbestos. On April 30, 2012, the Court denied Harper's motion to remand. On June 11, 2012, the Court denied as moot Harper's motion to reconsider. For the following reasons, Harper's motion to vacate the June 11, 2012 order and reconsider the remand order will be granted in part and denied in part: the Court will consider the merits of Harper's motion to reconsider (ECF No. 93), but affirm its order denying the motion to remand.

---

[1] Harper died on June 30, 2011. *See* ECF No. 87 at 1 n.1. His widow, as personal representative of his estate, has been substituted as plaintiff, but the complaint has not been amended. *See id.* Accordingly, the Court will refer to Harper as the plaintiff.

I. Background

Harper developed asbestos-related diseases after working as a welder for at least four decades. *See* Compl. ¶ 10 & p.16.  On June 20, 2010, he was diagnosed with lung cancer.  Compl. ¶ 11.

On January 12, 2011, Harper sued the Defendants in the Circuit Court for Baltimore City, alleging negligence, breach of warranty, strict products liability, civil conspiracy, and fraud.[2]  On January 14, 2011, GE was served with Harper's complaint.  Notice of Removal 2; Mot. to Remand 2.  The complaint alleged that Harper had been "employed at Key Highway Shipyard from 1966 to 1968 and from 1970 to 1972 as a welder at Eastern Stainless Steel Co. (Eastmet), from 1975 to 1993 and from 1993 to 1998 in construction as a day welder."[3]  An attached itemized statement of earnings showed that Harper had worked at the Key Highway Shipyard as early as April 1966 through as late as June 1967, and again between October and December 1968.  *See* ECF No. 2 at 17.

On January 17, 2012, Harper answered the Defendants' joint interrogatories.  ECF No. 1 at 2.  In response to Interrogatory No. 88, Harper stated that he had worked as a welder on ships at

---

[2] ECF No. 2; ECF No. 86 at 1; ECF No. 87 at 2.  Harper alleged that the Defendants had manufactured, distributed, supplied, and/or installed asbestos.  *See* Compl. ¶ 1.

[3] Compl. ¶¶ 9-10.  The Key Highway Shipyard was a Bethlehem Steel facility.  *See* ECF No. 87 at 2.

the Key Highway Shipyard "in 1966, in 1967, 1970, 1971, 1972 and

one quarter of 1973." ECF No. 88, Ex. 1 at 3.  He further

stated that he had been "exposed to . . . dust" during

reconditioning of Navy ships "USS Canisteo (AO-99)" and "USS

Caloosahatchee (AO-98)." *Id.* at 4.  Harper asserted that,

"[d]uring this time[,] the various Defendant boiler

manufacturers," including GE, had "periodically inspected the

turbines inside the boilers[,] which required that the block and

cement insulation which covered the boilers . . . be removed[,]

causing the dust which [he] [had] breathed." *Id.*

On February 14, 2012, GE removed the lawsuit to this Court

under the federal officer removal statute, 28 U.S.C. §

1442(a)(1).[4]  GE asserted that, if it had manufactured equipment

aboard the *USS Caloosahatchee* and *USS Canisteo*, it had done so

"under contract with the United States Navy." *Id.*

On March 15, 2012, Harper moved to remand on the basis of

untimely removal.[5]  Harper argued that GE's grounds for removal

---

[4] ECF No. 1.  The federal officer removal statute authorizes
removal of "civil action[s] . . . commenced in a State court . .
. against . . . [t]he United States or any agency thereof or any
officer (or any person acting under that officer) of the United
States or of any agency thereof . . . relating to any act under
color of such office."  28 U.S.C. § 1442(a)(1).

[5] ECF No. 87.  The defendant must file a notice of removal in the
district court within 30 days after receiving the initial
pleading.  28 U.S.C. § 1446(a) & (b).  If the case stated by the
initial pleading is not removable, the defendant may remove
within 30 days of receiving "an amended pleading motion, order,

were apparent from the complaint--a year before he answered the interrogatories.  ECF No. 87 at 1.  He further argued that the complaint stated that he had worked as a welder at the Key Highway Shipyard from 1966 to 1968, GE "[s]urely . . . knew that it had supplied boilers and turbines" for Navy ships at the shipyard during that period,[6] and GE should have inferred from the complaint that Harper "may well have worked on those ships." *Id.* at 3.

On April 30, 2012, the Court denied Harper's motion to remand.  ECF No. 91.  The Court found that federal officer removability was not apparent from the complaint, which stated only that Harper had worked intermittently as a welder at the Key Highway Shipyard from 1966 to 1998.  ECF No. 90 at 6. Because the complaint had omitted details of Harper's connection to Navy ships, the Court found that GE could not have known from the pleading that the action was removable under the federal officer statute.  *Id.* at 6-7.  The Court determined that Harper had not provided adequate facts about federal officer removability until he answered the joint interrogatories on

_____

or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

[6] ECF No. 87 at 2-3.  Harper argued that his attorneys had "used in [previous] asbestos litigation" a "ship list" showing that the *USS Canisteo* and *USS Caloosahatchee* were at the Key Highway Shipyard during Harper's tenure.  *Id.* at 2, Ex. 1.

January 17, 2012. *Id.* at 7. Because GE had removed the action on February 14, 2012--28 days after it received the interrogatories--the Court found that removal was timely. *Id.*

On May 14, 2012, Harper moved for reconsideration. ECF No. 93. On May 22, 2012, GE opposed the motion for reconsideration. ECF No. 95. On June 8, 2012, Harper filed a one-sentence reply stating that he "submit[ted]." ECF No. 97. On June 11, 2012, the Court construed Harper's reply as a concession, and denied as moot his motion for reconsideration. ECF No. 100.

On June 29, 2012, Harper filed a motion for relief from the June 11, 2012 order. ECF No. 109. Harper argued that the Court had misconstrued his reply, in which he had intended the word "submit" to mean that he had "end[ed] the presentation of further argument or evidence" and was "tender[ing] a legal position for decision."[7]

II. Analysis

Because Harper did not intend his June 8, 2012 reply as a concession, the Court will (1) grant his motion for relief from the June 11, 2012 order denying as moot the motion for reconsideration (ECF No. 100), and (2) consider the merits of the motion for reconsideration (ECF No. 93).

---

[7] ECF No. 109 at 3. GE has not opposed Harper's second motion for reconsideration, and the time for filing an opposition has passed. *See* Local Rule 105.2 (D. Md. 2011) (opposition must be filed within 14 days of service of the motion).

A. Standard of Review

Under Fed. R. Civ. P. 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time" before the entry of a final judgment.[8]  The Fourth Circuit has said that a court's discretion to review an interlocutory order is "not subject to the strict standards applicable to motions for reconsideration of a final judgment,"[9] but rather, falls "within the plenary power of the Court . . . to afford such relief . . . as justice requires."[10]  Although Rules 59(e) and 60(b) do not govern reconsideration of an

------

[8] Rule 54 governs Harper's motion for reconsideration, because an order denying a motion to remand is interlocutory.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996) ("An order denying a motion to remand, standing alone, is obviously not final[.]") (internal quotation marks omitted).

[9] *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003).  Under Rule 59(e), a motion to alter or amend a final judgment may be granted only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).  Under Rule 60(b), a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reasons that justify relief. *Aikens v. Ingram*, 652 F.3d 496, 500 & n.3 (4th Cir. 2011).

[10] *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991) (internal citation and quotation marks omitted).

interlocutory order, the Fourth Circuit has suggested that at least parts of those rules may guide a court's analysis.[11]

In considering whether to revise interlocutory decisions, district courts in this circuit have looked to whether movants presented new arguments[12] or evidence,[13] or whether the court has "obviously misapprehended a party's position or the facts or applicable law."[14]

---

[11] *See Fayetteville Investors*, 936 F.2d at 1470, 1472 (declining to "thoroughly express our views on the interplay of Rules 60, 59, and 54" but citing *Gridley v. Cleveland Pneumatic Co.*, 127 F.R.D. 102 (M.D. Pa. 1989), in which Rule 60(b) guided the court's reconsideration of an interlocutory order); *Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (per curiam) (citing an earlier case applying Rule 60(b) to hold that a district court did not err in denying a motion to reconsider an interlocutory order). *See also Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F. Supp. 2d 298, 332-39 (D. Md. 2000) (guided by Rules 59(e) and 60(b), court declined to amend interlocutory order because movant had presented no new facts and had failed to show that other cases dictated a different result).

[12] *See, e.g.*, *McLaurin v. E. Jordan Iron Works, Inc.*, 666 F. Supp. 2d 590, 596 (E.D.N.C. 2009) ("Generally, motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling.") (*citing Zurich Capital Markets, Inc. v. Conglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005)), *aff'd*, 410 F. App'x 630 (4th Cir. 2011).

[13] *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) (*citing Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1990)).

[14] *Duke Energy Corp.*, 218 F.R.D. at 474 (*quoting Anderson*, 738 F. Supp. at 442).

B. Harper's Motion for Reconsideration

In his motion for reconsideration, Harper argues that GE has admitted in a companion case[15] that federal officer removability is ascertainable from a complaint that "states the name of the shipyard in which the plaintiff worked and the time periods during which he worked."[16] Harper concedes, however, that he failed to cite the companion case in his motion to remand. *Id.* at 1-3.

GE argues that Harper has incorrectly characterized its

---

[15] *Covington, et al. v. Owens-Illinois Glass Co., et al.*, Case No. GLR-12-0461 [hereinafter *Covington*].

[16] ECF No. 93 at 1. In *Covington*, the complaint alleged, *inter alia*, that the plaintiff had been exposed to asbestos during his employment at the Bethlehem Fairfield Shipyard in 1942 and 1944, and at the U.S. Coast Guard Yard in 1953. *See Covington* Notice of Removal at 2. As in this case, GE removed the lawsuit after the plaintiff responded to interrogatories, indicating that he had been exposed to asbestos while working on a Navy ship at the Coast Guard Yard. *Id.* at 3. In the notice of removal, GE noted that,

> [i]n addition, during World War II, the Bethlehem Fairfield Shipyard in Baltimore, one of the locations where the decedent worked, would have been devoted primarily if not exclusively to the war effort, and [the plaintiff] necessarily would have worked on ships built, repaired, owned, and operated by agencies of the U.S. government, including the United States Navy and the United States Maritime Commission.

*Id.* at 2. Although GE asserted that the basis for removal was not apparent until the plaintiff had responded to the interrogatories, *see id.* at 3, Harper argues that GE's statement about the Bethlehem Fairfield Shipyard "admit[s] that a ground for removal appears in [Harper's] [c]omplaint[], which do[es] not specify names of ships on which [he] worked," ECF No. 93 at 4.

statements in *Covington*, the statements have no "legally or factually binding effect" on this case in any event, and Harper has not shown factual or legal errors, new evidence, or change in controlling law to justify reconsideration of the order denying the motion to remand. ECF No. 95 at 1-3.

Harper has not shown grounds for vacating the Court's order denying remand. The Court did not misapprehend his position, nor has Harper presented new evidence. *See Duke Energy Corp.*, 218 F.R.D. at 474. The Court need not consider GE's statements in *Covington*, because that issue was "not argued before the ruling" on the motion to remand.[17] Thus, the Court will affirm its order denying remand.[18]

---

[17] *See McLaurin*, 666 F. Supp. 2d at 596. Were the Court to consider the statements, it would not vacate the order denying remand. The notice of removal in *Covington* states that GE removed on the basis of responses to interrogatories, not the allegations in the complaint. *See Covington* Notice of Removal 2-3. GE's statement about the Bethlehem Fairfield Shipyard merely bolsters its argument for removability. *See id.* Moreover, in deciding whether to remand, the Court need not "inquire into the subjective knowledge of the defendant," but consider only whether grounds for removal were "apparent within the four corners of the initial pleading or subsequent paper" in this case. *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).

[18] The Court finds unpersuasive Harper's other arguments for reconsideration: that (1) the Court misconstrued "the point" of *Pantalone v. Aurora Pump Co.*, 576 F. Supp. 2d 325 (D. Conn. 2008), and (2) the Fourth Circuit has adopted an "erroneous interpretation" of 28 U.S.C. § 1446. *See* ECF No. 93 at 5-7. *Pantalone*, which is not controlling, is distinguishable for the reasons stated in the Court's April 30, 2012 memorandum opinion. *See* ECF No. 90 at 6 n.8. By merely asking the Court to "change

III. Conclusion

For the reasons stated above, Harper's motion to vacate the June 11, 2012 order and reconsider the remand order will be granted in part and denied in part: the Court will consider the merits of Harper's motion to reconsider (ECF No. 93), but affirm its order denying the motion to remand.

_____7/25/12_____
Date

_____
William D. Quarles, Jr.
United States District Judge

its mind," Harper has not presented a basis for relief. *Cf.*
*Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir.
2001) ("When the motion raises no new arguments, but merely
requests the district court to reconsider a legal issue or to
'change its mind,' relief is not authorized."). As for the
Fourth Circuit's interpretation of § 1446, that interpretation
binds this Court. *See Nat'l Union Fire Ins. Co. of Pittsburgh
v. Porter Hayden Co.*, 331 B.R. 652, 668 (D. Md. 2005) ("the
Fourth's Circuit's decision[s] [are] binding on this Court").