UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

May 5, 2014

MEMORANDUM TO COUNSEL RE:       Carol Johnson Harper, et al. v. Anchor Packing
Company, et al.
Civil Action No. GLR-12-460

Dear Counsel:

Pending before the Court are CertainTeed Corporation, Honeywell International Inc. and SB Decking, Inc.'s (collectively "Defendants"), Motions for Summary Judgment as to Plaintiffs' claims for breach of warranty, tortious civil conspiracy, fraudulent concealment, and punitive damages.[1] (ECF Nos. 525, 526, & 528).  The issues have been fully briefed and no hearing is necessary.  See Local Rule 105.6 (D.Md. 2011).  For the reasons outlined below, the Court will grant Defendants' Motions.

Plaintiffs commenced this lawsuit against Defendants, as well as others, alleging injuries sustained as a result of decedent Mr. Harper's alleged exposure to asbestos-containing products.  Co-Defendants/Third-Party Plaintiffs have filed cross claims/third-party complaints alleging Defendants were solely or partially responsible for Mr. Harper's injuries and requesting contribution.  Plaintiffs allege that Mr. Harper was exposed to asbestos fibers released from Defendants' products during the course of his employment at the Key Highway Shipyard ("Shipyard") in Baltimore, Maryland.

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  If the nonmoving party has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In considering Defendants' Motions, the Court will accept Plaintiffs' evidence as true and will draw all reasonable inferences in their favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)).  Also, because this case was removed, the Court will consider the substantive law of Maryland.  See Ariz. v. Manypenny, 451 U.S. 232, 241-42 (1981) ("The act of

---

[1] In their Amended Complaint, Plaintiffs allege negligence (Count I), breach of warranty (Count II), products liability (Count III), tortious civil conspiracy (Count IV), and fraudulent concealment (Count V).  (See Am. Compl. ¶¶ 3-7, ECF No. 212).  Plaintiffs requested punitive damages for Counts I, III, IV, and V.  (See id. ¶¶ 3, 5, 6, and 7).

removal permits a trial upon the merits of the <u>state-law question</u> free from local interests or prejudice.") (emphasis added).

There is no genuine dispute as to any material fact for fraudulent concealment because Plaintiffs present no facts supporting any of the elements necessary to establish a cause of action.[2] Accordingly, the Court will grant summary judgment in favor of Defendants with respect to Count V of the Amended Complaint.  As to tortious civil conspiracy, because Plaintiffs present no facts to demonstrate that Defendants agreed or had an understanding with other persons, there is no genuine dispute as to any material fact for this claim.[3]  Accordingly, the Court will grant summary judgment in favor of Defendants with respect to Count IV of the Amended Complaint.

As to breach of warranty, Plaintiffs' claim is barred by the statute of limitations.  As relevant to Plaintiffs' claim, Section 2-725 of the Commercial Law Article of the Annotated Code of Maryland provides, in pertinent part:

> (1) An action for breach of any contract for sale must be commenced <u>within four years after the cause of action has accrued</u>. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. <u>A breach of warranty occurs when tender of delivery is made</u> . . . .

Md. Code Ann., Com. Law § 2-725 (West 2014) (emphasis added).  Based on the undisputed facts in the record, there is no evidence from which a reasonable jury could conclude that Defendants delivered any product to the Shipyard within the four years before Plaintiffs commenced this action.  Accordingly, the Court will grant summary judgment in favor of Defendants with respect to Count II of the Amended Complaint.

---

[2] Maryland courts have formulated five elements of a cause of action for fraudulent concealment:

> (1) [T]he defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment.

<u>Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC</u>, 929 F.Supp.2d 502, 531 (D.Md. 2013) (alteration in original) (quoting <u>Blondell v. Littlepage</u>, 991 A.2d 80, 94 (Md. 2010)) (internal quotation marks omitted).

[3] Maryland courts define tortious civil conspiracy as "a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." <u>Hoffman v. Stamper</u>, 867 A.2d 276, 290 (Md. 2005) (quoting <u>Green v. Wash. Sub. San. Comm'n</u>, 269 A.2d 815, 824 (Md. 1970)) (internal quotation marks omitted).

Finally, Plaintiffs are not entitled to punitive damages for Counts I and III because there is no genuine dispute as to whether Defendants acted with actual malice.  "In a non-intentional tort action, the trier of facts may not award punitive damages unless the plaintiff has established that the defendant's conduct was characterized by . . . 'actual malice.'"  Owens-Illinois, Inc. v. Zenobia, 601 A.2d 633, 652 (Md. 1992).  To establish that Defendants acted with actual malice in a products liability case, "the plaintiff must prove (1) actual knowledge of the defect on the part of the defendant, and (2) the defendant's conscious or deliberate disregard of the foreseeable harm resulting from the defect."  Id. at 653.  Plaintiffs proffer no evidence to support either of these two elements.  Therefore, they are not entitled to punitive damages for Counts I and III.

For the foregoing reasons, Defendants' Motions for Summary Judgment (ECF Nos. 525, 526, & 528) are GRANTED and judgment will be entered in their favor with respect to punitive damages and Counts II, IV, and V of the Amended Complaint.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____
George L. Russell, III
United States District Judge

3