UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**George L. Russell, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

May 5, 2014

MEMORANDUM TO COUNSEL RE:    Carol Johnson Harper, et al. v. Anchor Packing Company, et al.
Civil Action No. GLR-12-460

Dear Counsel:

Pending before the Court is Defendant's, Hopeman Brothers, Inc. ("Hopeman"), Motion for Summary Judgment. (ECF No. 517). The issues have been fully briefed, and Plaintiffs' request for a hearing (ECF No. 597) is denied as to this Defendant.[1] For the reasons that follow, the Court will grant Hopeman's Motion with respect to Counts II, IV, and V, and deny it with respect to Counts I and III. The Court will also grant Hopeman's Motion with respect to punitive damages.

On January 12, 2011, Plaintiffs commenced this lawsuit against Hopeman, as well as other Defendants, in the Circuit Court for Baltimore City, alleging injuries sustained as a result of Mr. Harper's alleged exposure to asbestos-containing products at the Key Highway Shipyard ("Key Highway") in Baltimore, Maryland. On February 14, 2012, Defendant General Electric removed the lawsuit to this Court. (ECF No. 1). Co-Defendants/Third-Party Plaintiffs have filed cross claims/third-party complaints alleging Hopeman was solely or partially responsible for Mr. Harper's injuries and requesting contribution. Plaintiffs allege Mr. Harper was exposed to asbestos dust from Marinite panels that Hopeman supplied.

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). If the nonmoving party has failed to make a sufficient showing on an essential element of her case where she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In considering Hopeman's

---

[1] Local Rule 105.6 provides that "[u]nless otherwise ordered by the Court . . . all motions shall be decided on the memoranda without a hearing." Local Rule 105.6 (D.Md. 2011) (emphasis added). "[R]ule 78 of the Federal Rules of Civil Procedure, the source of authority for [the local rule], makes it clear that hearings on motions are to be in the discretion of the district courts . . . ." Coakley & Williams Const., Inc. v. Structural Concrete Equip., Inc., 973 F.2d 349, 352 (4th Cir. 1992) (alteration in original) (citing U.S. Fidelity & Guaranty Co. v. Lawrenson, 334 F.2d 464, 466-67 (4th Cir. 1964)); see Fed.R.Civ.P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.") (emphasis added). Furthermore, "[t]he wisdom of leaving a hearing to the discretion of the district court is obvious." Coakley, 973 F.2d at 352 (citing Lawrenson, 334 F.2d at 466-67).

Motion, the Court will accept Plaintiffs' evidence as true and will draw all reasonable inferences in their favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)).  Also, because this case was removed, the Court will consider Maryland substantive law.  See Ariz. v. Manypenny, 451 U.S. 232, 241-42 (1981) ("The act of removal permits a trial upon the merits of the state-law question free from local interests or prejudice.") (emphasis added).

Plaintiffs allege negligence (Count I), breach of warranty (Count II), product defect/strict liability (Count III), tortious civil conspiracy (Count IV), and fraudulent concealment (Count V).  (See Am. Compl. ¶¶ 3-7, ECF No. 212).  Plaintiffs requested punitive damages for Counts I, III, and V.  (See id.).  Because there is no genuine dispute of material fact for Counts II, IV, and V, the Court will grant summary judgment in favor of Hopeman with respect to those Counts.  To the contrary, because there is a genuine dispute as to whether Mr. Harper was regularly and proximately exposed to dust from asbestos-containing Marinite panels supplied or installed by Hopeman, the Court will deny summary judgment with respect to Counts I and III.  Also, because Plaintiffs proffer no evidence that Hopeman acted with actual malice, the Court will grant summary judgment in favor of Hopeman with respect to punitive damages.

There is no genuine dispute as to any material fact for fraudulent concealment because Plaintiffs present no facts supporting any of the elements needed to establish a cause of action.[2] Accordingly, the Court will grant summary judgment in favor of Hopeman with respect to Count V. As to tortious civil conspiracy, because Plaintiffs present no facts to demonstrate that Hopeman agreed or had an understanding with other persons, there is no genuine dispute as to any material fact for this claim.[3]  Accordingly, the Court will grant summary judgment in favor of Hopeman with respect to Count IV.

As to breach of warranty, Plaintiffs' claim is barred by the statute of limitations.  As relevant to Plaintiffs' claim, Section 2-725 of the Commercial Law Article of the Annotated Code of Maryland provides, in pertinent part:

---

[2] Maryland courts have formulated five elements of a cause of action for fraudulent concealment:

> (1) [T]he defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment.

Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC, 929 F.Supp.2d 502, 531 (D.Md. 2013) (alteration in original) (quoting Blondell v. Littlepage, 991 A.2d 80, 94 (Md. 2010)) (internal quotation marks omitted).

[3] Maryland courts define tortious civil conspiracy as "a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." Hoffman v. Stamper, 867 A.2d 276, 290 (Md. 2005) (quoting Green v. Wash. Sub. San. Comm'n, 269 A.2d 815, 824 (Md. 1970)) (internal quotation marks omitted).

> (1) An action for breach of any contract for sale must be commenced <u>within four years after the cause of action has accrued</u>. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
>
> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. <u>A breach of warranty occurs when tender of delivery is made</u> . . . .

Md. Code Ann., Com. Law § 2-725 (West 2014) (emphasis added). Based on the undisputed facts in the record, there is no evidence from which a reasonable jury could conclude Hopeman delivered any product to the Shipyard within the four years before Plaintiffs commenced this action. Thus, the Court will grant summary judgment in favor of Hopeman with respect to Count II.

To survive summary judgment as to the negligence and strict products liability claims, Plaintiffs must create a genuine dispute with respect to two issues. First, there must be a genuine dispute as to whether Mr. Harper was regularly and proximately exposed to dust from asbestos-containing Marinite panels that were frequently used at the Shipyard. See <u>Eagle-Picher Indus., Inc. v. Balbos</u>, 604 A.2d 445, 460 (Md. 1992) (finding that when determining whether exposure to asbestos was a substantial factor in causing injuries to a plaintiff, "the factors to be evaluated include the nature of the product, the frequency of its use, the proximity, in distance and in time, of a plaintiff to the use of a product, and the regularity of the exposure of that plaintiff to the use of that product"). Second, there must also be a genuine dispute as to whether Hopeman sold or installed the asbestos-containing Marinite panels that generated the dust to which Mr. Harper was exposed. See <u>id.</u> at 462 (finding that regular and proximate contact between the plaintiff and the asbestos-containing insulation was not enough to hold the defendant liable because the plaintiff also had the burden of proving that the defendant was responsible for the insulation as a seller or an installer).

The witness testimony before the Court is enough to create a genuine dispute of material fact as to whether Hopeman Marinite panels[4] were a substantial factor in causing Mr. Harper injuries. In <u>Owens-Corning Fiberglas Corp. v. Garrett</u>, the Court of Appeals of Maryland concluded there was sufficient evidence to permit a finding of substantial-factor causation where two witnesses, unfamiliar with the plaintiff, testified that a specific type of asbestos-containing pipecovering was present at the facility at the time the plaintiff worked there, in conjunction with a third witness who testified that the plaintiff was regularly and proximately exposed to dust from pipecovering. 682 A.2d 1143, 1156-57 (Md. 1996).

Here, Mr. Zeleny, a joiner at Key Highway during the time Mr. Harper worked there, testified that he frequently used Marinite panels to outfit ships and that the Marinite panels he used were delivered in Hopeman trucks. (Zeleny Dep. 15:2-3, 24:10-14, Nov. 23, 1999, ECF No. 569-6); (see also Def.'s Mot. Summ. J. Ex. 3, at 1, ECF No. 517-6) (identifying the dates in which Mr. Harper worked at Key Highway). Moreover, Mr. Zeleny testified that Hopeman "supplied everything" used to outfit the living spaces of the ships at Key Highway, (Zeleny Dep. 44:11-12), and Marinite panels were

---

[4] Hopeman has conceded that Marinite panels contained asbestos. (Pls.' Opp'n Defs.' Mot. Summ. J. Ex. 7, at 4, ECF No. 569-7).

among the products used for this purpose, (Def.'s Reply Pls.' Opp'n Mot. Summ. J. Ex. 10, ECF No. 585-5).

Further, Mr. Martin, one of Mr. Harper's coworkers, testified that Hopeman installed paneling, (Davis Dep. 72:19-73:2, Aug. 27, 2013, ECF No. 585-1), and that Mr. Harper worked in proximity to Hopeman personnel on at least five occasions in the summer of 1970, 1971, or 1972 (id. at 80:15-81:12). Additionally, Mr. Martin, without identifying a specific contractor, testified that Mr. Harper worked around contractors installing panels, (id. at 91:2-8), and that the panels "had to be cut to fit," (id. at 88:16-17). Thus, the Court concludes that Plaintiffs have produced sufficient evidence to permit a jury to reasonably infer that Mr. Harper was regularly and proximately exposed to dust from asbestos-containing Marinite panels supplied or installed by Hopeman. Accordingly, the Court will deny Hopeman's Motion with respect to Counts I and III.

Finally, Hopeman moves for summary judgment with respect to Plaintiffs' claims for punitive damages. "In a non-intentional tort action, the trier of facts may not award punitive damages unless the plaintiff has established that the defendant's conduct was characterized by . . . 'actual malice.'" Owens-Illinois, Inc. v. Zenobia, 601 A.2d 633, 652 (Md. 1992). Regardless of whether the cause of action for compensatory damages is based on negligence or strict liability, for actual malice to be found in a products liability case, "the plaintiff must prove (1) actual knowledge of the defect on the part of the defendant, and (2) the defendant's conscious or deliberate disregard of the foreseeable harm resulting from the defect." Id. at 653. Plaintiffs proffer no evidence to support either of these two elements. Therefore, they are not entitled to punitive damages for Counts I and III.

For the foregoing reasons, Hopeman's Motion for Summary Judgment (ECF No. 517) is GRANTED in part and DENIED in part. The Motion is GRANTED with respect to Counts II, IV, and V, and DENIED with respect to Counts I and III. Hopeman's Motion is also GRANTED with respect to punitive damages. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge