UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**George L. Russell, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

May 5, 2014

MEMORANDUM TO COUNSEL RE:     <u>Carol Johnson Harper, et al. v. Anchor Packing Company, et al.</u>
Civil Action No. GLR-12-460

Dear Counsel:

Pending before the Court is Defendant's, Owens-Illinois, Inc. ("Owen's-Illinois"), Motion for Summary Judgment. (ECF No. 533). The issues have been fully briefed, and Plaintiffs' request for a hearing (ECF No. 597) is denied as to this Defendant.[1] For the reasons outlined in specific detail below, the Court will grant the Motion.

On January 12, 2011, Plaintiffs commenced this lawsuit against Owens-Illinois, as well as other Defendants, in the Circuit Court for Baltimore City, alleging injuries sustained as a result of Mr. Harper's alleged exposure to asbestos-containing products at the Key Highway Shipyard ("Key Highway") in Baltimore, Maryland. On February 14, 2012, defendant General Electric removed the lawsuit to this Court pursuant to 28 U.S.C. § 1442(a)(1) (2012). (ECF No. 1). Co-Defendants/Third-Party Plaintiffs have filed cross claims/third-party complaints alleging Owens-Illinois was solely or partially responsible for Mr. Harper's injuries and requesting contribution. Plaintiffs allege Mr. Harper was exposed to asbestos fibers released from Owens-Illinois's "Kaylo"[2] insulation while working at the Shipyard aboard the American Accord.

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). In a situation in which the

---

[1] Local Rule 105.6 provides that "[u]nless otherwise ordered by the Court . . . all motions shall be decided on the memoranda <u>without a hearing</u>." Local Rule 105.6 (D.Md. 2011) (emphasis added). "[R]ule 78 of the Federal Rules of Civil Procedure, the source of authority for [the local rule], makes it clear that hearings on motions are to be in the discretion of the district courts . . . ." <u>Coakley & Williams Const., Inc. v. Structural Concrete Equip., Inc.</u>, 973 F.2d 349, 352 (4th Cir. 1992) (alteration in original) (citing <u>United States Fidelity and Guaranty Co. v. Lawrenson</u>, 334 F.2d 464, 466–67 (4th Cir. 1964)); <u>see</u> Fed.R.Civ.P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, <u>without oral hearings</u>.") (emphasis added). Furthermore, "[t]he wisdom of leaving a hearing to the discretion of the district court is obvious." <u>Coakley</u>, 973 F.2d at 352 (citing <u>Lawrenson</u>, 334 F.2d at 466-67).

[2] Between approximately 1943 and 1958, Owens-Illinois manufactured, sold, and/or distributed an asbestos-containing thermal insulation product with the trade name "Kaylo." (<u>See</u> Def.'s Mot. Summ. J. Ex. D, at 2, ECF No. 533-5). On April 30, 1958, Owens-Illinois sold its entire Kaylo Division to Owens-Corning Fiberglas Corporation. (<u>See id.</u>).

nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, "there can be 'no genuine [dispute] as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In considering Owens-Illinois's Motion, the Court will accept Plaintiffs' evidence as true and will draw all reasonable inferences in their favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Also, because this case was removed pursuant to 28 U.S.C. § 1442(a)(1), the Court will consider the substantive law of Maryland. See Ariz. v. Manypenny, 451 U.S. 232, 241-42 (1981) ("The act of removal [pursuant to 28 U.S.C. § 1442(a)(1)] permits a trial upon the merits of the state-law question free from local interests or prejudice.") (emphasis added).

Plaintiffs allege negligence (Count I), breach of warranty (Count II), product defect/strict liability (Count III), tortious civil conspiracy (Count IV), and fraudulent concealment (Count V). (See Compl. at 13-14, ECF No. 2). On September 16, 2013, the Court granted Owens-Illinois's Motion for Voluntary Dismissal of Counts II and V. (See Order Granting Voluntary Dismissal, ECF No. 512). As to negligence and products liability, because there is no genuine dispute as to whether Owens-Illinois manufactured or supplied asbestos-containing insulation that was a substantial factor in causing Mr. Harper's injuries, the Court will grant summary judgment in favor of Owens-Illinois with respect to Counts I and III. As to tortious civil conspiracy, because Plaintiffs proffer no evidence that Owens-Illinois had an agreement or understanding with Owens-Corning Fiberglas ("Owens-Corning"), the Court will grant summary judgment in favor of Owens-Illinois with respect to Count IV.[3]

Maryland courts define tortious civil conspiracy as "a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." Hoffman v. Stamper, 867 A.2d 276, 290 (Md. 2005) (quoting Green v. Wash. Sub. San. Comm'n, 269 A.2d 815, 824 (Md. 1970)) (internal quotation marks omitted). Plaintiffs argue "Owens Illinois conspired with Owens Corning . . . to defraud the workers who used Kaylo by falsely representing in a joint product brochure that Kaylo was 'Non-Toxic.'" (See Pls.' Answer Def.'s Mot. Summ. J. ["Opp'n"] at 4, ECF No. 573). Plaintiffs do not, however, cite to or proffer any evidence to support this argument. Therefore, there is no evidence from which a reasonable jury could infer Owens-Illinois had an agreement with Owens-Corning to accomplish an unlawful act, and the Court will grant Owens-Illinois's Motion with respect to Count IV.

In order to prevail on their claims of negligence and strict products liability, Plaintiffs must prove proximate causation. See Pittway Corp. v. Collins, 973 A.2d 771, 786 (Md. 2009) ("It is a basic principle that '[n]egligence is not actionable unless it is a proximate cause of the harm alleged.'" (alteration in original) (quoting Stone v. Chi. Title Ins., 624 A.2d 496, 500 (Md. 1993))); see Owens-Illinois, Inc. v. Armstrong, 604 A.2d 47, 52 (Md. 1992) ("Causation is a necessary element of any strict liability action." (citing Phipps v. General Motors Corp., 363 A.2d 955, 958 (Md. 1976))). "To establish proximate causation in Maryland, the plaintiff must introduce evidence which allows the jury to reasonably conclude that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result." Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156,

---

[3] Because this Order disposes of all remaining claims, the Court will not address punitive damages.

2

1162 (4th Cir. 1986) (citing Robin Express Transfer, Inc. v. Canton R.R., 338 A.2d 335, 343 (Md. 1975)); accord Restatement (Second) of Torts § 431 (1965).

The Court of Appeals of Maryland has established a "frequency, regularity, proximity" test for substantial factor causation in asbestos-exposure cases. See Eagle-Picher Indus., Inc. v. Balbos, 604 A.2d 445, 460 (Md. 1992) (finding that when determining whether exposure to asbestos was a substantial factor in causing injuries to a plaintiff, "the factors to be evaluated include the nature of the product, the frequency of its use, the proximity, in distance and time, of a plaintiff to the use of a product, and the regularity of the exposure of that plaintiff to the use of that product.") (emphasis added). "Whether the exposure of any given bystander to any particular supplier's product will be legally sufficient to permit a finding of substantial-factor causation is fact specific to each case." Id.

Plaintiffs argue Owens-Illinois supplied asbestos-containing Kaylo insulation that was installed aboard the Sinclair Tanker when that ship was constructed in the 1950's at Sparrows Point Shipyard ("Sparrows Point"). (Opp'n at 4). Plaintiffs further argue the Sinclair Tanker was converted into the American Accord at Key Highway and Mr. Harper was exposed to the original Kaylo insulation when workers removed it during the conversion process. (Id.). In support of these arguments, Plaintiffs ask the Court to make four inferences: (1) the American Accord was originally constructed at Sparrows Point as the Sinclair Tanker; (2) Sparrows Point workers installed Owens-Illinois Kaylo insulation on the Sinclair Tanker; (3) the original Kaylo insulation remained on the Sinclair Tanker until it underwent conversion at Key Highway; and (4) Mr. Harper regularly worked in proximity to Key Highway workers when they removed the original Kaylo insulation. Because Plaintiffs have not proffered any evidence to support these inferences, the Court will grant Owens-Illinois's Motion.

First, as their only evidence that the American Accord was originally constructed at Sparrows Point as the Sinclair Tanker, Plaintiffs proffer a document printed from the Internet. (See Opp'n Ex. 5, ECF No. 573-5). Owens-Illinois argues the Court should disregard this document because it is not authenticated or accompanied by an affidavit. (See Def.'s Reply Supp. Mot. Summ. J. ["Reply"] at 3, ECF No. 580). The Court agrees. "It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) (citing Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1550-51 (9th Cir.1990)). In order for the Court to consider this document, it would have to be "authenticated by and attached to an affidavit that meets the requirements of Rule 56[c]."[4] Id. (quoting 10A Charles A. Wright et al., Federal Practice and Procedure § 2722, at 58-60 (1983 & 1993 Supp.)). Because this document is not authenticated by and attached to an affidavit, the Court will not consider it. Without this document, there is no evidence from which a reasonable jury could infer the Sinclair Tanker became the American Accord.

Second, Plaintiffs proffer affidavits and depositions from five product identification witnesses. (See Gist Aff., ECF No. 573-7); (D'Amico Dep., Nov. 17, 1994, ECF No. 573-8); (Floyd Dep., Sept. 30, 1993, ECF No. 573-9); (Hibler Dep., October 8, 1993, ECF No. 573-10); (Fries Dep., Sept. 28, 1993, ECF No. 573-11). A reasonable jury could infer from the testimony of these witnesses that Kaylo was frequently used at Sparrows Point to insulate ships. Even assuming the Sinclair Tanker

---

[4] Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4).

3

became the American Accord, however, there is no evidence the Sinclair Tanker was built at Sparrows Point.  None of the product identification witnesses testified to having worked on the Sinclair Tanker.  Moreover, Plaintiffs' only evidence that the Sinclair Tanker was built at Sparrows Point is an unauthenticated chart.  (See Opp'n Ex. 6, ECF No. 573-6).  Owens-Illinois argues the Court should not consider this chart, (see Reply at 3), and the Court agrees for the same reasons as stated above.  Without this chart, there is no evidence from which a reasonable jury could infer Sparrows Point workers installed Kaylo on the Sinclair Tanker.

Third, even assuming there is a genuine dispute that Sparrows Point workers installed Kaylo on the Sinclair Tanker, there is no evidence that the original insulation remained on the Sinclair Tanker when it arrived at Key Highway.  Nathaniel Davis worked with Mr. Harper aboard the American Accord.  (Davis Aff. at 2, ECF No. 573-3).  While he acknowledged that ships require maintenance, Mr. Davis admitted that he did not know how many times the insulation products had been replaced before the ship arrived at Key Highway.  (See Davis Dep. 99:5-18, Jan. 24, 2013, ECF No. 533-4).  Therefore, there is no evidence that Owens-Illinois supplied the insulation that Key Highway workers removed from the American Accord.

Finally, even assuming Owens-Illinois supplied the insulation that Key Highway workers removed from the American Accord, Plaintiffs proffer no evidence to satisfy the "regularity" element of the "frequency, regularity, proximity" test.  Mr. Davis testified that he recalls "working on the American Accord with Mr. Harper while [insulation] tear out was accomplished . . . ." (Davis Aff. at 2).  It is reasonable to infer, therefore, that Mr. Harper was exposed to dust from insulation while working aboard the American Accord.  Without evidence of the approximate length or frequency of Mr. Harper's work on the American Accord, however, a reasonable jury would have to speculate as to the regularity with which Mr. Harper worked in close proximity to the insulation dust.  See Owens-Corning Fiberglas Corp. v. Garrett, 682 A.2d 1143, 1157 (1996) (finding substantial factor causation where the evidence showed the plaintiff was present for every boiler room job in the 1950's); ACandS, Inc. v. Godwin, 667 A.2d 116, 125 (1995) (finding substantial factor causation where the evidence showed the plaintiff was required to enter one part of the facility five to six times a day and another part of the facility on a less frequent basis, but over the course of two decades).  Plaintiffs "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."  Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) (citing Barwick v. Celotex Corporation, 736 F.2d 946, 963 (4th Cir.1984)).  Therefore, there is no genuine dispute as to whether exposure to Owens-Illinois Kaylo aboard the American Accord was a substantial factor in causing Mr. Harper's injuries.

For the foregoing reasons, Owens-Illinois's Motion for Summary Judgment (ECF No. 533) is GRANTED and judgment will be entered in its favor.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and terminate Owens-Illinois from this case.

    Very truly yours,

    /s/
    _____
    George L. Russell, III
    United States District Judge