UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**George L. Russell, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

May 5, 2014

MEMORANDUM TO COUNSEL RE:    Carol Johnson Harper, et al. v. Anchor Packing Company, et al.
Civil Action No. GLR-12-460

Ronald F. Hurley, et al. v. Anchor Packing Company, et al.
Civil Action No. GLR-12-462

Dear Counsel:

Pending before the Court are Defendant's, E.L. Stebbing & Co., Inc. ("E.L. Stebbing"), Motions for Summary Judgment. (Carol Johnson Harper, et al. v. Anchor Packing Company, et al., No. GLR-12-460 ["Harper"], ECF No. 520); (Ronald F. Hurley, et al. v. Anchor Packing Company, et al., No. GLR-12-462 ["Hurley"], ECF No. 372). E.L. Stebbing filed its Motions on September 16, 2013. The original deadline for filing a response was October 3, 2013. The Court extended this deadline on two separate occasions at the request of Plaintiffs, and ultimately, Plaintiffs were given until November 4, 2013 to respond. To date, Plaintiffs have not filed a response to either Motion. Accordingly, E.L. Stebbing's Motions will be considered unopposed. No hearing is necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons outlined below, the Court will grant E.L. Stebbing's Motions.

On January 12, 2011 and January 13, 2011, Plaintiffs commenced these lawsuits against E.L. Stebbing, as well as others, alleging injuries sustained as a result of Claude Harper's and Ronald Hurley's alleged exposure to asbestos-containing products at the Key Highway Shipyard ("Shipyard") in Baltimore, Maryland. (See Harper Compl, ECF No. 2); (Hurley Compl., ECF No. 2). On February 14, 2012, defendant General Electric removed these lawsuits to this Court pursuant to 28 U.S.C. § 1442(a)(1) (2012). (Harper, ECF No. 1); (Hurley, ECF No. 1). Co-Defendants/Third-Party Plaintiffs have filed cross claims/third-party complaints alleging E.L. Stebbing was solely or partially responsible for Mr. Harper's and Mr. Hurley's injuries and requesting contribution. Plaintiffs allege that Mr. Harper and Mr. Hurley were exposed to asbestos fibers released from E.L. Stebbing's products during their employment at the Shipyard.

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). Although unopposed, E.L. Stebbing must still show the uncontroverted facts established in their Motions entitle them to "judgment as a matter of law." Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993); Fed.R.Civ.P. 56(e)(3) (the court may "grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is [so] entitled . . ."). In a situation in which the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Also, because these cases were removed pursuant to 28 U.S.C. § 1442(a)(1) (2012), the substantive law to be considered is that of the state in which the action arose.  See Ariz. v. Manypenny, 451 U.S. 232, 241-42 (1981) ("The act of removal [pursuant to 28 U.S.C. § 1442(a)(1)] permits a trial upon the merits of the state-law question free from local interests or prejudice.") (emphasis added).  Accordingly, Maryland law applies.

Plaintiffs allege negligence (Count I), breach of warranty (Count II), product defect/strict liability (Count III), tortious civil conspiracy (Count IV), and fraudulent concealment (Count V).  (See Harper Compl. at 13-14); (Hurley Compl. At 14-15).  On September 17, 2013, the Court granted E.L. Stebbing's Motions for Voluntary Dismissal of Counts II, IV, and V.  (See Harper, Order Granting Voluntary Dismissal, ECF No. 536); (Hurley, Order Granting Voluntary Dismissal, ECF No. 393).  Because there is no genuine dispute as to whether E.L. Stebbing manufactured or supplied products that were a substantial factor in causing Mr. Harper's or Mr. Hurley's injuries, the Court will grant summary judgment in favor of E.L. Stebbing with respect to Counts I and III in both cases.

Under Maryland law, in order to prevail on claims of negligence or products liability, the plaintiff must prove proximate causation.  See Pittway Corp. v. Collins, 973 A.2d 771, 786 (Md. 2009) ("It is a basic principle that '[n]egligence is not actionable unless it is a proximate cause of the harm alleged.'" (alteration in original) (quoting Stone v. Chi. Title Ins., 624 A.2d 496, 500 (Md. 1993))); see Owens-Illinois, Inc. v. Armstrong, 604 A.2d 47, 52 (Md. 1992) ("Causation is a necessary element of any strict liability action." (citing Phipps v. General Motors Corp., 363 A.2d 955, 958 (Md. 1976))).  "To establish proximate causation in Maryland, the plaintiff must introduce evidence which allows the jury to reasonably conclude that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result."  Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162 (4th Cir. 1986) (citing Robin Express Transfer, Inc. v. Canton R.R., 338 A.2d 335, 343 (Md. 1975)); accord Restatement (Second) of Torts § 431 (1965).

The Court of Appeals of Maryland has established a "frequency, regularity, proximity" test for substantial factor causation in asbestos-exposure cases.  See Eagle-Picher Indus., Inc. v. Balbos, 604 A.2d 445, 460 (Md. 1992) (finding that when determining whether exposure to asbestos was a substantial factor in causing injuries to a plaintiff, "the factors to be evaluated include the nature of the product, the frequency of its use, the proximity, in distance and in time, of a plaintiff to the use of a product, and the regularity of the exposure of that plaintiff to the use of that product.") (emphasis added).  Based on the undisputed facts in the record, there is no evidence from which a reasonable jury could conclude the Shipyard frequently used E.L. Stebbing's products or that Mr. Harper or Mr. Hurley regularly worked in proximity to these products.  Accordingly, there is no genuine dispute of material fact and E.L. Stebbing is entitled to summary judgment as a matter of law with respect to all remaining direct, cross, and third-party claims in both cases.

For the foregoing reasons, E.L. Stebbing's Motions for Summary Judgment (Harper, ECF No. 520); (Hurley, ECF No. 372) are GRANTED and judgment will be entered in its favor.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and terminate E.L. Stebbing from both cases.

    Very truly yours,

    /s/
    _____
    George L. Russell, III
    United States District Judge