UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

April 8, 2014

MEMORANDUM TO COUNSEL RE:   Ronald F. Hurley, et al. v. Anchor Packing
Company, et al.
Civil Action No. GLR-12-462

Carol Johnson Harper, et al. v. Anchor Packing
Company, et al.
Civil Action No. GLR-12-460

Dear Counsel:

Pending before the Court are Defendant's, CBS Corporation ("Westinghouse"[1]), Motions for Summary Judgment. (Carol Johnson Harper, et al. v. Anchor Packing Company, et al., No. GLR-12-460 ["Harper"], ECF No. 504); (Ronald F. Hurley, et al. v. Anchor Packing Company, et al, No. GLR-12-462 ["Hurley"], ECF No. 351). The issues have been fully briefed and Plaintiffs' requests for a hearing (Harper, ECF No. 597); (Hurley, ECF No. 435) are DENIED as to this Defendant.[2] For the reasons that follow, Westinghouse's Motions will be granted.

On January 12, 2011 and January 13, 2011, Plaintiffs commenced these lawsuits against Westinghouse, as well as other Defendants, alleging injuries sustained as a result of Claude Harper's and Ronald Hurley's alleged exposure to asbestos-containing products at the Key Highway Shipyard ("Shipyard") in Baltimore, Maryland. (See Harper Compl., ECF No. 2); (Hurley Compl., ECF No. 2). On February 14, 2012, defendant General Electric removed these lawsuits to this Court pursuant to 28 U.S.C. § 1442(a)(1). (Harper, ECF No. 1); (Hurley, ECF No. 1). Co-Defendants/Third-Party Plaintiffs have filed cross claims/third-party complaints alleging Westinghouse was solely or partially responsible for Mr. Harper's and Mr. Hurley's injuries and requested contribution. Plaintiffs allege

---

[1] CBS Corporation (a Delaware corporation f/k/a Viacom Inc.) is a successor by merger to CBS Corporation (a Pennsylvania corporation f/k/a Westinghouse Electric Corporation).

[2] Local Rule 105.6 provides that "[u]nless otherwise ordered by the Court . . . all motions shall be decided on the memoranda without a hearing." Local Rule 105.6 (D.Md. 2011) (emphasis added). "[R]ule 78 of the Federal Rules of Civil Procedure, the source of authority for [the local rule], makes it clear that hearings on motions are to be in the discretion of the district courts . . . ." Coakley & Williams Const., Inc. v. Structural Concrete Equip., Inc., 973 F.2d 349, 352 (4th Cir. 1992) (alteration in original) (citing United States Fidelity and Guaranty Co. v. Lawrenson, 334 F.2d 464, 466–67 (4th Cir. 1964)); see Fed.R.Civ.P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.") (emphasis added). Furthermore, "[t]he wisdom of leaving a hearing to the discretion of the district court is obvious." Coakley, 973 F.2d at 352 (citing Lawrenson, 334 F.2d at 466-67).

that Mr. Harper and Mr. Hurley were exposed to asbestos fibers released from Westinghouse's products during their employment at the Shipyard.

Under Federal Rule of Civil Procedure 56, the Court must grant summary judgment if the moving party demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). In a situation in which the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Because this case was removed pursuant to 28 U.S.C. § 1442(a)(1), the substantive law to be considered is that of the state in which the action arose. See Ariz. v. Manypenny, 451 U.S. 232, 241-42 (1981) ("The act of removal [pursuant to 28 U.S.C. § 1442(a)(1)] permits a trial upon the merits of the state-law question free from local interests or prejudice.") (emphasis added). Accordingly, Maryland law applies.

Plaintiffs allege negligence (Count I), breach of warranty (Count II), product defect/strict liability (Count III), tortious civil conspiracy (Count IV), and fraudulent concealment (Count V). (See Harper Compl. at 13-14); (Hurley Compl. at 14-15). Because there is no genuine dispute as to any material fact for all these claims, the Court will grant summary judgment in favor of Westinghouse.

As to fraudulent concealment, because Plaintiffs present no facts in support of any elements of the claim, there is no genuine dispute as to any material fact for this claim.[3] Thus, the Court will grant summary judgment in favor of Westinghouse with respect to Count V. As to tortious civil conspiracy, because Plaintiffs present no facts to demonstrate that Westinghouse agreed or had an understanding with other persons, there is no genuine dispute as to any material fact for this claim.[4] Thus, the Court will grant summary judgment in favor of Westinghouse with respect to Count IV in both cases.

---

[3] Maryland courts have formulated five elements of a cause of action for fraudulent concealment:

> (1) [T]he defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment.

Ademiluyi v. PennyMac Mortg. Inv. Trust Holdings I, LLC, 929 F.Supp.2d 502, 531 (D.Md. 2013) (alteration in original) (quoting Blondell v. Littlepage, 991 A.2d 80, 94 (Md. 2010)) (internal quotation marks omitted).

[4] Maryland courts define tortious civil conspiracy as "a combination of two or more persons by an agreement or understanding to accomplish an unlawful act or to use unlawful means to accomplish an act not in itself illegal, with the further requirement that the act or the means employed must result in damages to the plaintiff." Hoffman v. Stamper, 867 A.2d 276, 290 (Md. 2005) (quoting Green v. Wash. Sub. San. Comm'n, 269 A.2d 815, 824 (Md. 1970)) (internal quotation marks omitted).

As to breach of warranty, Plaintiffs' claim is barred by the statute of limitations.  As relevant to Plaintiffs' claim, Section 2-725 of the Commercial Law Article of the Annotated Code of Maryland provides, in pertinent part, as follows:

> (1) An action for breach of any contract for sale must be commenced <u>within four years after the cause of action has accrued</u>. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. <u>A breach of warranty occurs when tender of delivery is made</u> . . . .

Md. Code Ann., Com. Law § 2-725 (West 2013) (emphasis added).  Based on the undisputed facts in the record, there is no evidence from which a reasonable jury could conclude Westinghouse delivered any product to the Shipyard within the four years before Plaintiffs commenced this action.  Thus, the Court will grant summary judgment in favor of Westinghouse with respect to Count II in both cases.

Under Maryland law, in order to prevail on claims of negligence or products liability, the plaintiff must prove proximate causation.  <u>See</u> <u>Pittway Corp. v. Collins</u>, 973 A.2d 771, 786 (Md. 2009) ("It is a basic principle that '[n]egligence is not actionable unless it is a proximate cause of the harm alleged.'" (alteration in original) (quoting <u>Stone v. Chi. Title Ins.</u>, 624 A.2d 496, 500 (Md. 1993)); <u>see</u> <u>Owens-Illinois, Inc. v. Armstrong</u>, 604 A.2d 47, 52 (Md. 1992) ("Causation is a necessary element of any strict liability action." (citing <u>Phipps v. General Motors Corp.</u>, 363 A.2d 955, 958 (Md. 1976)).  "To establish proximate causation in Maryland, the plaintiff must introduce evidence which allows the jury to reasonably conclude that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result."  <u>Lohrmann v. Pittsburgh Corning Corp.</u>, 782 F.2d 1156, 1162 (4th Cir. 1986) (citing <u>Robin Express Transfer, Inc. v. Canton R.R.</u>, 338 A.2d 335, 343 (Md. 1975)); <u>accord</u> Restatement (Second) of Torts § 431 (1965).

The Court of Appeals of Maryland has established a "frequency, regularity, proximity" test for substantial factor causation in asbestos-exposure cases.  <u>See</u> <u>Eagle-Picher Indus., Inc. v. Balbos</u>, 604 A.2d 445, 460 (Md. 1992) (finding that when determining whether exposure to asbestos was a substantial factor in causing injuries to a plaintiff, "the factors to be evaluated include the nature of the product, the <u>frequency</u> of its use, the <u>proximity</u>, in distance and in time, of a plaintiff to the use of a product, and the <u>regularity</u> of the exposure of that plaintiff to the use of that product.") (emphasis added).  "Whether the exposure of any given bystander to any particular supplier's product will be legally sufficient to permit a finding of substantial-factor causation is fact specific to each case."  <u>Id.</u>

Plaintiffs argue there is a genuine dispute as to whether asbestos-containing insulation that was removed from and installed on Westinghouse turbines was a substantial factor in causing Mr. Harper's and Mr. Hurley's injuries.  (<u>See</u> Pls.' Opp'n Def.'s Mot. Summ. J. ["Harper Opp'n"], at 3, ECF No. 576); (Pls.' Opp'n Def.'s Mot. Summ. J. ["Hurley Opp'n"], at 3, ECF No. 420).  The Court disagrees.

In order for Westinghouse to be liable in negligence or strict products liability for Mr. Harper's and Mr. Hurley's injuries allegedly caused by exposure to insulation, there must be a genuine dispute as to whether Westinghouse manufactured or supplied it.  <u>See</u> <u>Christian v. Minn. Mining & Mfg. Co.</u>, 126 F.Supp.2d 951, 958 (D.Md. 2001) ("[T]here is no duty of care owed [to a plaintiff] if the

manufacturer did not produce the allegedly defective product.");[5] id. ("Under Maryland law . . . one manufacturer is not to be held liable [under a negligence theory] for the product of another."); id. ("Plaintiffs must prove that Defendant actually manufactured or distributed the product which purportedly caused plaintiff's injury."); Phipps v. Gen. Motors Corp., 363 A.2d 955, 957 (Md. 1976) ("One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer . . . if . . . the seller is engaged in the business of selling such a product . . . ." (emphasis added) (quoting Restatement (Second) of Torts § 402A (1965))); Ford Motor Co. v. Wood, 703 A.2d 1315, 1331 (Md.Ct.Spec.App. 1998) abrogated on other grounds by John Crane, Inc. v. Scribner, 800 A.2d 727 (Md. 2002) ("[A] . . . manufacturer may be held liable in damages for defective component parts manufactured by another only if the . . . manufacturer incorporated the defective component into its finished product.") (emphasis added).   Plaintiffs proffer no evidence that Westinghouse manufactured or supplied the insulation that was installed on and removed from Westinghouse turbines.   Furthermore, Westinghouse did not have a duty to warn of the dangers of products manufactured and supplied by others that may have been subsequently affixed to Westinghouse equipment.   See Wood, 703 A.2d at 1332.   Therefore, the Court will grant summary judgment in favor of Westinghouse with respect to Count I in both cases.

Plaintiffs also argue there is a genuine dispute as to whether Mr. Harper and Mr. Hurley were exposed to asbestos-containing Micarta laminate which Westinghouse manufactured.   (See Harper Opp'n at 3); (Hurley Opp'n at 3).   The Court disagrees.

In order to raise a genuine dispute of material fact as to whether a plaintiff was exposed to a defendant's asbestos-containing products on the jobsite, the plaintiff or a witness must specifically identify the defendant's asbestos-containing products as being present where the plaintiff worked.   See Roehling v. Nat'l Gypsum Co. Gold Bond Bldg. Products, 786 F.2d 1225, 1229 (4th Cir. 1986) (reversing summary judgment on the issue of exposure where plaintiff's witnesses specifically identified two defendants' asbestos-containing products as being present in the area where plaintiff worked); see id. at 1228 (holding that in order to deny the summary judgment motion, circumstantial evidence of exposure "need only establish that [plaintiff] was in the same vicinity as witnesses who can identify the products causing the asbestos dust . . . .") (emphasis added); see White v. Dow Chem. Co., 321 F.App'x 266, 274-75 (4th Cir. 2009) (affirming summary judgment where the "[p]laintiff was unable to identify the specific herbicides [decedent] was actually exposed to . . . .") (emphasis added). Although it is not necessary that the product identification witness knew or worked with the plaintiff, see Owens-Corning Fiberglas Corp. v. Garrett, 682 A.2d 1143, 1156-57 (Md. 1996), there must be evidence that the plaintiff worked in proximity to the asbestos-containing product when it was manipulated, see id. at 1157 (concluding that the plaintiff satisfied the "proximity" element of the "frequency, regularity, proximity" test because one witness testified that the plaintiff was present when dust was generated from pipecovering).   Here, while Joseph Zeleny identifies Micarta laminate as a product he used at the Shipyard in the 1950's and 1960's, (see Zeleny Dep. 15:4-16:7, Nov. 23, 1999, ECF No. 420-2), Plaintiffs proffer no evidence that Micarta laminate was present in the vicinity where Mr. Harper or Mr. Hurley worked.   Thus, the Court will grant summary judgment in favor of Westinghouse with respect to Count III in both cases.

---

[5] "In Maryland, a plaintiff asserting a negligence claim must establish that (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) the breach proximately caused the plaintiff's injury."   Christian, 126 F.Supp.2d at 958.

For the foregoing reasons, Westinghouse's Motions for Summary Judgment (Harper, ECF No. 504); (Hurley, ECF No. 351) are GRANTED and judgment will be entered in its favor.  Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and terminate Westinghouse from both cases.

Very truly yours,

/s/

George L. Russell, III
United States District Judge